FILED

Apr 30 2020, 7:17 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



| ATTORNEYS FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Ryan Sullivan | Curtis T. Hill, Jr. |
| Andrew Dutkanych, III | Attorney General of Indiana |
| Biesecker Dutkanych & Macer, LLC | |
| Indianapolis, Indiana | Abigail R. Recker |
| | Deputy Attorney General |
| | Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Pamela Bowling, | April 30, 2020 |
| *Appellant-Plaintiff*, | Court of Appeals Case No. 19A-CT-1920 |
| v. | Appeal from the Marion Superior Court |
| State of Indiana, | The Honorable Marc Rothenberg, Judge |
| Britni Saunders, | |
| *Appellees-Defendants*. | Trial Court Cause No. 49D07-1901-CT-323 |

**Brown, Judge.**

Pamela Bowling appeals the dismissal of her complaint. We affirm.

## Facts and Procedural History

On January 3, 2019, Bowling filed a complaint and demand for jury trial against the State of Indiana and Britni Saunders, State Personnel Director, in her official capacity and in her individual capacity. According to the complaint, Bowling was hired "by the Defendant in the" Department of Child Services ("DCS") and worked as a family case manager, her employment terminated on February 14, 2011, and she was hired by Indiana Professional Management Group ("IPMG") as a case manager on June 3, 2013.[1] Appellant's Appendix Volume II at 9. As a case manager with IPMG, Bowling would review applications of disabled individuals for Indiana's MedWaiver Program which required her to directly access the State's Technology Interface. Bowling's position required her to access individual records, submit 90-day and annual reports, complete and update yearly service plans, update billing and demographic records, create and monitor budgets, and submit and monitor complaints and concerns involving abuse, neglect and exploitation. The complaint also alleged IMPG was forced to terminate her employment because the State would not grant her a PeopleSoft ID to directly access the Technology Interface and, without such access, Bowling could not perform her duties as a case manager with IPMG. The State denied access to Bowling because she had

---

[1] Bowling's complaint does not define "Defendant" or specify if she is referring to the State or Saunders.

been coded as not eligible for rehire in its database following her dismissal in 2011. According to the complaint, the State did not provide any notice to Bowling that she was being designated as not eligible for rehire in its Peoplesoft database.

[3] The complaint alleged Count I, violations of the Fourteenth Amendment; and Count II, blacklisting and a violation of Ind. Code §§ 22-5-3-1(a) and 22-5-3-2. Bowling requested the court to declare that the State blacklisted her and require it to remove her name from any list as not being eligible for rehire, grant her a PeopleSoft ID so she may access the State's Technology Interface, enjoin the State from categorizing her or any other employee as not eligible for rehire without first providing that individual with notice and an opportunity to be heard, require that Saunders, in her individual capacity, pay damages to Bowling, and order the State to pay penal damages for its violation of Ind. Code § 22-5-3-1(a).

[4] On March 14, 2019, the Defendants filed a motion to dismiss pursuant to Ind. Trial Rule 12(B)(6) and a memorandum of law. The Defendants argued that Bowling failed to allege a deprivation of a liberty interest under the Fourteenth Amendment and that she has no liberty interest to be rehired by the State or other quasi-governmental agencies. The Defendants also argued that Ind. Code § 22-5-3-2 does not apply to the State and the designation of not eligible for rehire cannot violate the blacklisting statutes. Bowling filed a response, and the State filed a reply. In June 2019, the court held a hearing on the motion to

dismiss,[2] and on July 19, 2019, granted the motion and ordered the cause dismissed with prejudice.

## *Discussion*

Bowling argues the Defendants deprived her of a liberty interest without procedural due process. She contends the Defendants deprived her of occupational liberty interest by categorizing her as not eligible for rehire without notice and an opportunity to be heard in violation of the Fourteenth Amendment. She asserts the State coded her as not being eligible for rehire without prior notice and that this information is freely available to every State department and agency and quasi-governmental agencies. She also asserts that the not eligible for rehire designation prevents her from working for any private employer who contracts with the State or requires access to the State's PeopleSoft System, such as IPMG, which is essential to the occupation in which Bowling has been employed. She also asserts that the court erred by dismissing her claims under Ind. Code § 22-5-3-2.

In today's companion case, *Crouch v. State*, No. 19A-CT-1910, we address similar arguments. With respect to Bowling's § 1983 claims against the State and Saunders, in her official capacity, we affirm the dismissal of her complaint for the same reasons expressed in *Crouch*. As to Bowling's § 1983 claim against Saunders in her individual capacity, we note the complaint does not assert

---

[2] The record does not contain a transcript of this hearing.

Bowling applied to any other jobs to which she was rejected on the basis of the designation of not being eligible for rehire, the designation in the State's Peoplesoft database was ever made public, Saunders released the designation without her consent, or that the designation was erroneous or based on false charges.[3] Under the circumstances and in light of our analysis in *Crouch*, we cannot say that reversal is warranted. For the reasons expressed in *Crouch*, we affirm the dismissal of her complaint regarding Ind. Code § 22-5-3-2.

[7] For the foregoing reasons, we affirm the court's dismissal of Bowling's complaint.

Affirmed.

Najam, J., and Kirsch, J., concur.

---

[3] While Bowling's complaint asked the trial court to "[g]rant [her] a PeopleSoft ID so that she may access the State's Technology Interface," Appellant's Appendix Volume II at 12, the argument section in her initial brief does not mention a PeopleSoft ID and focuses on the designation of not being eligible for rehire. She does not develop an argument that the issuance of a PeopleSoft ID constituted or impacted her liberty interest and has waived the issue. *See* Ind. Appellate Rule 46(A)(8)(a) (argument must be supported by cogent reasoning and citations to authorities and the record); *Loomis v. Ameritech Corp.*, 764 N.E.2d 658, 668 (Ind. Ct. App. 2002) (argument waived for failure to provide cogent argument), *reh'g denied*, *trans. denied*.